# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DANIEL TEUFEL,
      Appellant,

v.

DEPARTMENT OF THE ARMY,
      Agency.

DOCKET NUMBER
DE-0752-12-0208-I-3

DATE: March 19, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Daniel Teufel, Stanbury Park, Utah, pro se.

Kateni T. Leakehe, Esquire, Dugway, Utah, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which ordered the agency to terminate the appellant's indefinite suspension and to retroactively reinstate him from the date of his security clearance revocation until the date of his removal but found that any challenge to the imposition of the indefinite suspension was untimely filed without good cause shown for the delay.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Except as expressly MODIFIED by this Final Order, we AFFIRM the initial decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      In July 2011, the appellant was suspended indefinitely from his position as a physical science technician pending the completion of an investigation regarding the preliminary decision to revoke his security clearance. MSPB Docket No. DE-1221-12-0151-W-1, Initial Appeal File (W-1 IAF), Tab 6 at 46-47. The appellant appealed the suspension in February 2012.[2] *Id*., Tab 1.

---

[2] The appellant filed an appeal prior to the decision to indefinitely suspend him, but withdrew his appeal as it was premature. MSPB Docket No. DE-0752-11-0415-I-1. The appellant originally appealed his suspension subsequent to its imposition in February 2012, MSPB Docket No. DE-0752-12-0208-I-1, Initial Appeal File (I-1 IAF), Tab 1, but the appeal was dismissed without prejudice to refiling in May 2012, *id*., Tab 9, and in January 2013, MSPB Docket No. DE-0752-12-0208-I-2, Initial Appeal File (I-2 IAF), Tab 15. The appellant filed a timely petition for review of the January 2013 dismissal, MSPB Docket No. DE-0752-12-0208-I-2, Petition for Review (I-2 PFR) File, Tab 1. In June 2013, the Board found that there was no error in the dismissal. I-2 PFR File, Tab 5. The appeal currently before us originates from the appellant's July 2013 refiled appeal filed subsequent to the Board's June 2013 order. MSPB Docket No. DE-0752-12-0208-I-3, Initial Appeal File (I-3 IAF), Tab 1.

The agency's Central Personnel Security Clearance Facility (CPSCF) revoked the appellant's security clearance in April 2012, and issued a reconsideration decision affirming the revocation in September 2012.  I-2 IAF, Tab 10 at 12-14, 16-18. The agency proposed the appellant's removal in January 2013, for loss of required qualifications and inability to perform the essential functions of his position based on the revocation of his security clearance.[3]  I-2 IAF, Tab 12.  In February 2013, the agency issued a notice of decision removing the appellant from federal service.  I-3 IAF, Tab 4 at 19-20.  The appellant did not appeal his removal.

¶3        This appeal followed.  The administrative judge found that, insofar as the appellant was challenging the imposition of the indefinite suspension, the appeal was untimely filed by more than 150 days without a showing of good cause for the delay.[4]  I-3 IAF, Tab 7, Initial Decision (ID) at 4-5; *see* W-1 IAF, Tab 1, Tab 6 at 45-47.  The administrative judge also found, however, that the appeal was timely insofar as the appellant was challenging the continuation of his indefinite suspension.  ID at 6.  As to that claim, the administrative judge determined that because the agency's CPSCF affirmed the revocation of the appellant's security clearance in September 2012, the agency acted unreasonably in continuing the indefinite suspension until January 2013, when it effected his removal.  ID at 6-8.  The administrative judge therefore ordered the agency to

---

[3] The agency previously removed the appellant for loss of his security clearance in January 2013, I-3 IAF, Tab 8 at 2-3, but rescinded its decision prior to the removal going into effect, *id*., Tab 11 at 4.

[4] The appellant actually received the decision on July 29, 2011.  W-1 IAF, Tab 6 at 45. However, because 30 days after the effective date of the action would have been Saturday, August 27, 2011, and 30 days after the receipt of the decision would have been Sunday, August 28, 2011, the deadline would have been Monday, August 29, 2011, regardless of whether the administrative judge considered the date of receipt or the effective date of the action.  *See* 5 C.F.R. § 1201.23.  Thus, the appeal was filed 157, not 156, days late, as the administrative judge found.  ID at 4.  Any error in this respect, however, is harmless.  *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

retroactively "reinstate" the appellant, effective September 11, 2012, the date of the final revocation of his security clearance, to February 28, 2013, the effective date of his removal. ID at 6-8.[5]

¶4 The appellant has filed a timely petition for review that does not address the merits of his appeal and does not allege any error by the administrative judge.[6] MSPB Docket No. DE-0752-12-0208-I-3, Petition for Review (I-3 PFR) File, Tab 1. The agency responded, stating that it has complied with the order to retroactively reinstate the appellant and arguing that the administrative judge properly found that the appellant's challenge to the imposition of the indefinite suspension was untimely. I-3 PFR File, Tab 3 at 4-5. The appellant has filed a reply that also does not address the merits of the appeal or allege any error by the administrative judge. I-3 PFR File, Tab 4.

¶5 A petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record. *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992). The appellant's petition for review does not meet the criteria for review under 5 C.F.R. § 1201.115. *See Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980) (before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determination is incorrect, and identify the specific evidence in the record which demonstrates the error).

¶6 In any event, we find that the administrative judge correctly deemed this appeal to be untimely filed by more than 150 days with no showing of good cause

---

[5] The administrative judge's use of the term "reinstate" was error because the appellant had not been removed on the relevant dates. The effect of the order, however, was to direct the agency to terminate the indefinite suspension and to "restore" the appellant. *See Jones v. Department of the Navy*, 120 M.S.P.R. 607, ¶ 12 (2014).

[6] Although the appellant timely filed his petition for review in April 2014, I-3 PFR File, Tab 1, unfortunately, due to a technical error, the Board did not acknowledge the petition until December 2014, I-3 PFR File, Tab 2.

for the delay insofar as it challenged the imposition of the indefinite suspension. *See* 5 C.F.R. § 1201.22(b)-(c); *see also Walker v. U.S. Postal Service*, 89 M.S.P.R. 210, ¶ 9 (2001) (the appellant failed to show good cause for 2-month delay in filing her appeal).

¶7      The agency does not challenge the administrative judge's finding that the agency failed to terminate the indefinite suspension within a reasonable time after the final revocation of the appellant's security clearance, ID at 6-8, and it states that it has already paid, and the appellant has already accepted, an award of back pay, I-3 PFR File, Tab 3.[7] As a result, we find no error in the initial decision in this regard.

¶8      Finally, the appellant appears to contend on review that he was not advised that he could appeal the revocation or suspension of his security clearance to the relevant Personnel Security Appeals Board. PFR File, Tab 1 at 5. Such a claim would only be cognizable as an affirmative defense of harmful procedural error in a timely filed appeal of the imposition of the indefinite suspension or the appellant's removal. *See, e.g.*, *Schnedar v. Department of the Air Force*, 119 M.S.P.R. 246, ¶ 12 (2013). Because, as stated above, the appellant did not appeal his removal and his appeal of the imposition of the indefinite suspension was untimely filed, we do not consider this claim. In any event, it appears that the appellant did receive such notice. *See* I-2 IAF, Tab 10 at 13.

¶9      Accordingly, we find that the appellant has provided no basis upon which to disturb the initial decision. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order, we AFFIRM the initial decision.

---

[7] If the appellant believes the agency has failed to correctly calculate his back pay or has otherwise failed to comply with this final order, he may file a petition for enforcement of this order in accordance with the Board's regulations. *See* 5 C.F.R. §§ 1201.181-1201.182.

**ORDER**

¶10    We ORDER the agency to terminate the indefinite suspension and to retroactively restore the appellant, effective September 11, 2012 to February 28, 2013, the effective date of his removal. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶11    We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶12    We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶13    No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶14    For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation

necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

## NOTICE TO THE APPELLANT REGARDING
## YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has

held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.

|  | **DFAS CHECKLIST**<br><br>**INFORMATION REQUIRED BY DFAS IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES OR AS ORDERED BY THE MERIT SYSTEMS PROTECTION BOARD** |
|---|---|

## CIVILIAN PERSONNEL OFFICE MUST NOTIFY CIVILIAN PAYROLL OFFICE VIA COMMAND LETTER WITH THE FOLLOWING:

1. Statement if Unemployment Benefits are to be deducted, with dollar amount, address and POC to send.

2. Statement that employee was counseled concerning Health Benefits and TSP and the election forms if necessary.

3. Statement concerning entitlement to overtime, night differential, shift premium, Sunday Premium, etc, with number of hours and dates for each entitlement.

4. If Back Pay Settlement was prior to conversion to DCPS (Defense Civilian Pay System), a statement certifying any lump sum payment with number of hours and amount paid and/or any severance pay that was paid with dollar amount.

5. Statement if interest is payable with beginning date of accrual.

6. Corrected Time and Attendance if applicable.

## ATTACHMENTS TO THE LETTER SHOULD BE AS FOLLOWS:

1. Copy of Settlement Agreement and/or the MSPB Order.

2. Corrected or cancelled SF 50's.

3. Election forms for Health Benefits and/or TSP if applicable.

4. Statement certified to be accurate by the employee which includes:

   a. Outside earnings with copies of W2's or statement from employer.
   b. Statement that employee was ready, willing and able to work during the period.
   c. Statement of erroneous payments employee received such as; lump sum leave, severance pay, VERA/VSIP, retirement annuity payments (if applicable) and if employee withdrew Retirement Funds.

5. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a.  Employee name and social security number.
    b.  Detailed explanation of request.
    c.  Valid agency accounting.
    d.  Authorized signature (Table 63)
    e.  If interest is to be included.
    f.  Check mailing address.
    g.  Indicate if case is prior to conversion.  Computations must be attached.
    h.  Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

## Attachments to AD-343

1.  Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2.  Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3.  Outside earnings documentation statement from agency.

4.  If employee received retirement annuity or unemployment, provide amount and address to return monies.

5.  Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6.  If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7.  If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a.  Must provide same data as in 2, a-g above.
    b.  Prior to conversion computation must be provided.
    c.  Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.